UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILHEMINA BRYAN,

      Petitioner,

v.                                     CASE NO. 6:05-cv-494-Orl-19DAB
                                           (6:00-cr-147-Orl-19DAB)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

      This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Wilhemina Bryan (Doc. No. 1). The Government filed a response (Doc. No. 6) to the § 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.* Petitioner did not file a reply to the Government's response.

      Petitioner alleges nine claims for relief in her motion: two claims that she received ineffective assistance of appellate counsel (claims one and two); one claim that her sentence is unconstitutional due to the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738, 746 (2005), (claim three); one claim that the determination of her career offender status was unconstitutional (claim four); three claims that she received ineffective assistance of trial counsel (claims five, seven, and eight); one claim that the seizure of evidence violated the Fourth

Amendment (claim six); and one claim that the *Blakely* and *Booker* decisions apply retroactively (claim nine).

## I.    *Procedural History*

Petitioner and several other individuals were charged in a three-count First Superseding Indictment with conspiracy to import five kilograms or more of cocaine (count one), conspiracy to possess with intent to distribute at least five kilograms of cocaine (count two), and possession with intent to distribute one kilogram of cocaine (count three) (Criminal Case 6:00-cr-147-Orl-19DAB, Doc. No. 109).[1]  A jury trial was held, and Petitioner was found guilty of all three counts in the indictment[2] (Criminal Case Doc. No. 230).  The Court subsequently adjudicated Petitioner guilty in accordance with the jury's verdicts and sentenced her as a career offender to a 360-month term of imprisonment (Criminal Case Doc. Nos. 283 and 426).

Petitioner's trial counsel, Timothy Hartung, filed a notice of appeal on May 29, 2001 (Criminal Case Doc. No. 286).  Mr. Hartung subsequently filed a Motion to Withdraw (Criminal Case Doc. No. 289), which was granted (Criminal Case Doc. No. 295).  F. Wesley Blanker, Jr. filed Notice of Appearance on behalf of Petitioner on May 31, 2001 (Criminal Case Doc. No. 290).  On November 7, 2001, the Eleventh Circuit Court of Appeals

---

[1]Criminal case number 6:00-cr-147-Orl-19DAB will be referred to as "Criminal Case."

[2]The jury specifically found beyond a reasonable doubt that Petitioner conspired to import 46 kilograms of cocaine, conspired to possess with intent to distribute 46 kilograms of cocaine, and possessed with the intent to distribute 959 grams of cocaine.  *See* Criminal Case Doc. No. 230 at 1-3.

dismissed the appeal for want of prosecution because Petitioner failed to file a brief and record excerpts within the applicable timeframe. *See* Criminal Case Doc. No. 334.

Petitioner subsequently filed her first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 373). After conducting an evidentiary hearing, this Court determined that Petitioner had received ineffective assistance of appellate counsel and granted her a belated appeal (Criminal Case Doc. No. 425).

Petitioner filed a direct appeal challenging the sufficiency of the evidence to support her convictions. The Eleventh Circuit Court of Appeals affirmed her convictions. *See* Criminal Case Doc. No. 447.

## II.   *Claims One and Two*

Petitioner contends that she received ineffective assistance of appellate counsel because appellate counsel failed to argue on appeal (a) that the Government offered uncorroborated testimony in exchange for leniency without providing its agreement with the witnesses to the jury (claim one) and (b) that the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), had an impact on her sentence.

## A.   *The Legal Standard*

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984). The Eleventh Circuit Court of Appeals has applied the United States Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate

3

counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992); *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). Thus, in order to establish ineffective assistance of appellate counsel, Petitioner must show (1) that counsel's performance was deficient and "fell below an objective standard of reasonableness" and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

**B.     *Claim One***

Petitioner first claim is vague and conclusory and inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *aff'd without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). Petitioner "must identify the specific acts or omissions of counsel that form the basis for [her] claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 764 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989). Petitioner has failed to identify any particular witness or testimony in her allegations. Furthermore,

4

she has not alleged the substance of any agreement for leniency offered by the Government to a witness and not revealed to the jury.  Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably.  *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

C.    *Claim Two*

In claim two, Petitioner contends appellate counsel should have argued her sentence violated *Apprendi*[3] because the "Government [alleged] only a penalty provision of 5 kilograms or more in one charge, and offered no specific amount for the jury's determination of guilt." (Doc. No. 1 at 4.)  This allegation is factually incorrect.  The record reveals that the First Superceding Indictment specifically included drug quantities (count one stated "five kilograms or more," count two included the language "at least five kilograms," and count three stated "one kilogram").   Furthermore, the jury verdict contained specific findings of drug amounts for each count.  *See* Criminal Case Doc. No. 230 at 1-3.  Since the substantive argument underlying Petitioner's second claim is clearly without merit, appellate counsel's failure to raise the argument was neither deficient nor prejudicial.

---

[3]*Apprendi* holds that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490.

### III.    Claims Three, Four, and Nine

Petitioner argues that her sentence is unconstitutional under *Blakely*[4] and *Booker*[5] because (a) she was sentenced under mandatory sentencing guidelines (claim three) and (b) she was found to be a career offender by a preponderance of the evidence (claim four). In addition, Petitioner contends that *Blakely* and *Booker* announced a new rule that applies retroactively (claim nine).

The Eleventh Circuit Court of Appeals has determined that *Booker* and *Blakely* do not apply retroactively to cases, such as the instant case, that are on collateral review.  *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker*'s [and *Blakely*'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). Consequently, Petitioner is not entitled to pursue such claims on collateral review, and claims three, four, and nine must be denied.

---

[4]In *Blakely*, the United States Supreme Court applied the rule set out in *Apprendi* and held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303-04.  Therefore, the statutory maximum is the maximum that may be imposed based solely on the jury's verdict or the defendant's plea without finding any additional facts.  *Id*.

[5]In *Booker*, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines, under which Petitioner was sentenced.  *Booker*, 125 S. Ct. at 746.

IV.    *Claims Five, Seven, and Eight*

Petitioner contends that she received ineffective assistance of trial counsel because counsel failed to require the Government to prove whether her role in the offense ceased before the police made the traffic stop involving her co-defendants (claim five).  In claim seven, Petitioner alleges that counsel's "deficient performance in grounds one-six prejudice[d]" her.  Similarly, claim eight alleges that trial counsel was ineffective for failing to object to the factors "discussed in grounds one-six and seven."

A.    *The Legal Standard*

As set forth earlier, the United States Supreme Court in *Strickland* established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[6]  466 U.S. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

---

[6]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). This is not one of those cases.

**B.     *Claim Five***

Petitioner contends that trial counsel should have required the Government to prove whether her role in the offense ceased before the police made the traffic stop involving her co-defendants (claim five). This claim is baseless.

According to the evidence at trial, which included the testimony of five of her co-defendants, Petitioner and seven other individuals implemented a scheme to import cocaine into the United States from the Bahamas. On July 16, 2000, Petitioner and six other woman boarded a cruise ship in Fort Lauderdale, Florida, and traveled to Freeport, Bahamas. The eighth co-defendant met them in the Bahamas, where he and another individual provided

8

sealed packages of cocaine.  Petitioner and the other women secreted the cocaine packages in girdles worn under their clothing.  The women then re-boarded the cruise and returned to Fort Lauderdale with the cocaine.  After clearing customs, Petitioner and the other women delivered the cocaine to the eighth co-defendant, who then paid each of them.  The eight individuals then drove to Orlando in a truck and a car.  Petitioner was in the car.  On the drive, the truck was stopped by a police officer, and large amounts of cocaine and cash were discovered.  The five individuals in the truck were arrested, three of them confessed their involvement in the drug conspiracy, and Petitioner was implicated.

The Court notes that the Eleventh Circuit Court of Appeals determined that the evidence adduced at trial was sufficient to support Petitioner's conviction on each count. *See* Criminal Case Doc. No. 447 at 6-8.  Therefore, this Court cannot conceive of any argument counsel could have successfully pursued regarding the sufficiency of the evidence at trial.  To the extent Petitioner is attempting to allege that trial counsel should have argued that she had ceased to participate in the conspiracy, such a claim is unavailing for several reasons.  First, Petitioner has presented no allegations or evidence that she in fact withdrew from the conspiracy.  Secondly, the acts for which she was convicted all occurred before the traffic stop, so even if she withdrew at the time of the traffic stop, she was still criminally responsible for her prior acts and participation.  Claim five must be denied.

## C.    *Claims Seven and Eight*

Petitioner has failed to demonstrate that trial counsel's performance regarding any of the matters set forth in any of her other claims was in any manner deficient or prejudicial.

The discussion regarding claims one and two applies equally to trial counsel's performance. Therefore, Petitioner has failed to demonstrate that she received ineffective assistance of trial counsel regarding those claims.

To the extent that Petitioner contends that counsel should have raised *Apprendi*, *Blakely*, and *Booker*, this claim must also fail.  As set forth in footnote 3, in *Apprendi* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Since she was not sentenced beyond the statutory maximum sentence,[7] *Apprendi* was inapplicable at the time of Petitioner's sentencing.[8]  *See Dubose v. United States*, No. 06-13851, 2007 WL 57090, at *2 (11th Cir. January 9, 2007) ("[T]rial counsel's failure to advance an argument premised on the ground that the Supreme Court would apply *Apprendi* to the Guidelines does not constitute ineffective assistance of counsel.")  *Blakely* was not decided until June of 2004, three years after Petitioner was sentenced and two months after her appeal was concluded.  *Booker* was decided in January of 2005, well after Petitioner's sentencing and appeal.  Consequently, Petitioner has not shown deficient performance on the part of counsel or that she sustained any prejudice.

---

[7]Under 21 U.S.C. § 841(b)(1)(A), the statutory maximum sentence for an offense involving five kilograms or more of cocaine is life.

[8]In addition, the jury made specific findings of drug quantity as to each count.  *See* Criminal Case Doc. No. 230 at 1-3.

## V.    Claim Six

Petitioner contends that the evidence obtained from the search of a vehicle after a traffic stop was conducted was seized in violation of the Fourth Amendment.[9]

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.   This rule generally applies to all claims, including constitutional claims."  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 543 U.S. 891 (2004).  However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).

In the present case, Petitioner did not raise this claim on direct appeal.  Furthermore, she has not demonstrated cause or prejudice with regard to her failure to raise this claim on direct appeal.[10]  Likewise, Petitioner has neither alleged nor shown the applicability of the

---

[9]The record reflects that Petitioner was not in the vehicle at the time the traffic stop was made and the evidence was seized.

[10]To the extent Petitioner contends trial counsel was ineffective for failing to raise this issue at trial or on appeal, she is not entitled to relief.  Because Petitioner was not in the truck at the time of the traffic stop, she did not have standing to challenge the stop.  *See Rakas v. Illinois*, 439 U.S. 128, 143 & n.12 (1978) (a defendant may not challenge a search without a reasonable expectation of privacy in the location searched).  Moreover, a co-defendant, who was a passenger in the truck, filed a motion to suppress alleging that the search of the truck was unconstitutional.  This Court found that the search was lawful, and the motion to suppress was denied.  *See* Criminal Case Doc. Nos. 216 & 245.  Therefore,

fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, her failure to raise this claim on direct appeal constitutes a waiver and bars her from raising claim six.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Wilhemina Bryan (Doc. No. 1) is **DENIED**.

2.     This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4.     The Clerk of the Court is directed to file a certified copy of this Order and the judgment in criminal case number 6:00-cr-147-Orl-19DAB and to terminate the § 2255 motion (Criminal Case Doc. No. 456) filed in the criminal case.

**DONE AND ORDERED** at Orlando, Florida, this __11th___ day of January, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

counsel's failure to raise this issue was neither deficient nor prejudicial.

12

Copies to:
sa 1/11
Wilhemina Bryan
Counsel of Record